**WO**  RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Francis Drummy, ) | No. CV-05-69-PHX-EHC (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Wal-Mart Inc., et al., ) | |
| Defendants. ) | |

On January 6, 2005, Shawn Francis Drummy ("Plaintiff"), presently released, filed with the Clerk of the Court a pro se Civil Complaint (Document #1) ("Complaint").[1]  A "Separate Answer of Defendant Wal-Mart Stores, Inc." (Document #5) was filed on February 10, 2005.  Plaintiff did not pay a filing fee, or file an Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas) ("Application To Proceed").

By Order filed August 2, 2005 (Document #8), Plaintiff was given thirty (30) days from the filing date of the Order to pay the one hundred and fifty dollar ($150.00) filing fee, or in the alternative, to file with the Court a certified Application To Proceed and a copy of

---

[1]When Plaintiff filed the Complaint, he was confined in the Maricopa County Madison Jail in Phoenix, Arizona ("Madison Jail").

his trust fund account statement (or institutional equivalent) for the six (6) months immediately preceding the filing of the Complaint. To date, Plaintiff has failed to comply with the Court's August 2, 2005 Order.

**RETURNED MAIL**

On August 2, 2005, the Clerk of the Court mailed a copy of the Court's August 2, 2005 Order to Plaintiff at his last known address at the Durango Jail. Then, on August 8, 2005, the envelope containing the copy of the Order was returned to the Clerk of the Court with the notations "Return to Sender No Longer in Custody" and "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." Since then, Plaintiff has failed to file a Notice of Change of Address, or to in any way notify the Court of his whereabouts. Accordingly, the Clerk of the Court has been unable to remail the copy of the Order to Plaintiff.[2]

Rule 3.4(a) of the Local Rules of Civil Procedure ("LRCiv") requires that an incarcerated litigant comply with the instructions attached to the Court-approved Complaint form. Those instructions state: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2).

Also, in its Notice Of Assignment (Document #2) ("Notice"), the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes." (Notice at 1).

**FAILURE TO PROSECUTE**

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the

---

[2] The website of the Maricopa County Sheriff does not show Plaintiff as being in the current custody of the Maricopa Sheriff. Also, the website of the Arizona Department of Corrections (ADOC) does not show Plaintiff as being in the current custody of the ADOC.

1  duty of a plaintiff who has filed a pro se action to keep the Court appraised of his or her
2  current address, and to comply with the Court's orders in a timely fashion. This Court does
3  not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears
4  the burden of keeping the court apprised of any changes in his mailing address." Carey v.
5  King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of
6  his new address constitutes failure to prosecute.
7        Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
8  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
9  move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
10 (1962), the Supreme Court recognized that a federal district court has the inherent power to
11 dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b)
12 of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
13 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
14 without notice or hearing. Id. at 633.
15       In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
16 the Court must weigh the following five factors: "(1) the public's interest in expeditious
17 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
18 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
19 availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v.
20 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the
21 imposition of sanctions in most cases, while the fourth factor cuts against a default or
22 dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."
23 Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).
24       Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
25 to keep the Court informed of his address prevents the case from proceeding in the
26 foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor
27 requires the Court to consider whether a less drastic alternative is available. Without
28

1 Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in
2 Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing
3 sanctions would only find itself taking a round trip tour through the United States mail." 856
4 F.2d at 1441.

5 The Court finds that only one less drastic sanction is realistically available. Rule
6 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
7 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
8 the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint
9 and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
10 Federal Rules of Civil Procedure.

11 **IT IS THEREFORE ORDERED** that the Civil Complaint (Document #1) and this
12 action are DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules
13 of Civil Procedure for failure to prosecute, and the Clerk of the Court is DIRECTED to
14 ENTER JUDGMENT accordingly.

16 DATED this 5th day of October, 2005.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge

- 4 -